OPINION
 STATEMENT OF THE FACTS AND CASE
{¶ 1} On April 6, 2001, Appellant was indicted on two counts of felony Driving Under the Influence, in violation of R.C. §4511.19(A)(1). The indictment alleged Appellant had been convicted of a violation of R.C. 4511.19 or an equivalent municipal ordinance three or more times within the prior six year period. These allegations enhanced the classification of the offense to a felony of the fourth degree.
{¶ 2} On April 26, 2001, Appellant entered pleas of not guilty to each count in the indictment.
{¶ 3} On June 4, 2001, Appellant filed a Motion to Suppress his previous conviction in Tuscarawas County Court on September 1, 1999, arguing that said conviction was not sufficient to enhance his current DUI from a misdemeanor to a felony.
{¶ 4} On June 27, 2001, a hearing was held on Appellant's Motion to Suppress.
{¶ 5} By Judgment Entry dated August 29, 2001, the trial court overruled Appellant's Motion to Suppress.
{¶ 6} On September 4, 2001, Appellant changed his former pleas to pleas of no contest to both counts in the indictment.
{¶ 7} On October 29, 2001, the trial court sentenced Appellant to fourteen months in a State Penal Institution, with consideration for early release into a community based correctional facility or residential treatment facility after serving 120 days. Appellant was also given a mandatory license suspension of four years, a $2,500.00 fine and six points against his driver's license.
{¶ 8} It is from this conviction and entry that Appellant prosecutes the instant appeal, assigning the following sole assignment of error:
 ASSIGNMENT OF ERROR {¶ 9} "WHETHER A PRIOR CONVICTION IN A PETTY OFFENSE CASE THAT WAS ENTERED BY AN AGREED JUDGMENT ENTRY, ABSENT APPEARANCE IN OPEN COURT WITH THE SIGNIFICANCE OF THE PLEA PERSONALLY EXPLAINED TO THE ACCUSED BY THE JUDGE OR MAGISTRATE, CAN BE USED TO ENHANCE A CHARGE FROM A MISDEMEANOR TO A FELONY."
 I.
{¶ 10} Appellant maintains the trial court erred in not suppressing Appellant's prior conviction in the Tuscarawas County Court upon a finding of alleged constitutional violations and noncompliance with Crim.R. 11. We disagree.
{¶ 11} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See: State v.Fanning (1982), 1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 486;State v. Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See: State v. Williams
(1993), 86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93, 96; Statev. Claytor (1993), 85 Ohio App.3d 623, 627; and State v. Guysinger
(1993), 86 Ohio App.3d 592. As the United States Supreme Court held inOrnelas v. U.S. (1996), 116 S.Ct. 1657, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
{¶ 12} We turn to our attention to the Tuscarawas County Court case, Case No. 2001 CR 04 0108, wherein Appellant, his counsel and the prosecutor submitted an Agreed Judgment Entry which resulted in his conviction for a third offense of driving under the influence.
{¶ 13} In the case sub judice, The trial court refused to order the conviction suppressed despite the fact that the September 4, 2001 Agreed Judgment Entry was in derogation of Crim.R. 11.
{¶ 14} Crim.R. 11(D) provides, in pertinent part:
 In misdemeanor cases involving serious offenses the court * * * shall not accept [a plea of guilty or no contest] without first addressing the defendant personally and informing him of the effect of the pleas of guilty, no contest, and not guilty and determining that he is making the plea voluntarily.
{¶ 15} Appellant entered his change of plea in Case No. 2001 CR 04 0108 via the Agreed Judgment Entry. It is unclear from the briefs, and the lack of a transcript, to determine if the trial court personally addressed Appellant as required by Crim.R. 11. However, it is clear that Appellant did not take a direct appeal from the conviction in Case No. 2001 CR 04 0108.
{¶ 16} Because Appellant did not attack the previous conviction through a direct appeal, and the agreed judgment entry clearly indicates Appellant had the benefit of counsel for said conviction, we hold the trial court's non-compliance with Crim.R. 11 in Case No. 2001 CR 04 0108 does not preclude the use of this conviction for enhancement purposes.State v. Barnett (Sept. 24, 1998), Tuscarawas App. 97AP120085, unreported. Accordingly, we find the trial court did not err in not suppressing this conviction.
{¶ 17} Although case law supports the proposition an uncounseled prior conviction cannot be used for enhancement purposes, our research failed to uncover any case law supporting the proposition a prior conviction entered from a plea not taken in compliance with Crim.R. 11 cannot be used to enhance a sentence in a subsequent conviction. Crim.R. 10 embodies an individual's fundamental constitutional right to counsel. We find no reason to extend the prohibition against the use of a prior conviction for enhancement purposes to any prior conviction other than an uncounseled one. As such, we hold a prior conviction, predicated upon the trial court's acceptance of a plea of guilty or no contest in noncompliance with Crim.R. 11, but not attacked via appeal, can be used to enhance a sentence in a subsequent conviction.
{¶ 18} Appellant's assignment is overruled.
{¶ 19} The judgment entry of the Tuscarawas County Court of Common Pleas is affirmed.
By: BOGGINS, J. HOFFMAN, P.J. and EDWARDS, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Tuscarawas County Court of Common Pleas is affirmed. Costs assessed to appellant.